UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LITTLE CAESAR ENTERPRISES, INC.,
a Michigan corporation, and
LC TRADEMARKS, INC.,
a Michigan corporation,

    Plaintiffs,

Case No. 10-11976

v.

GREGART ENTERPRISES, INC.,
a California corporation; TIMOTHY
C. GREGART, a citizen of California,
and CHARLES J. GREGART,
a citizen of California,

Hon. John Corbett O'Meara

    Defendants.
_____/

**ORDER DENYING MOTION TO DISMISS AND**
**ORDER TO SHOW CAUSE**

Before the court is Defendants' motion to dismiss, filed June 29, 2010. Plaintiffs filed a response on July 23, 2010. No reply brief was filed. The court heard oral argument on September 23, 2010, and denied Defendants' motion from the bench. The court's reasoning for that decision as well as the decision to issue an Order to Show Cause to Defendants' counsel follows.

**BACKGROUND FACTS**

Plaintiffs Little Caesar Enterprises, Inc., and LC Trademarks, Inc. filed this suit against Defendants Gregart Enterprises, Inc., Timothy Gregart, and Charles Gregart on May 17, 2010. Plaintiffs allege that Defendants, who are Little Caesar franchisees, breached the franchise agreement between the parties. Although Plaintiffs have terminated the agreement, Defendants

continue to operate their Little Caesar restaurant. Plaintiffs allege that Defendants are violating the Lanham Act by continuing to use Plaintiffs' Little Caesar trademarks and trade dress. Plaintiffs set forth the following counts in their complaint: Count I, breach of contract; Count II, trademark infringement; Count III, unfair competition; and Count IV, trade dress infringement.

## **LAW AND ANALYSIS**

Defendants seek dismissal of Counts II, III, and IV pursuant to Rule 12(b)(6). Under the Lanham Act, Plaintiffs must show that Defendants' use of a registered mark was done "without consent of the registrant." 15 U.S.C. § 1114(1)(a). Defendants contend that Plaintiffs cannot prove this element because "Defendants have express, written permission to continue to use Little Caesar's trademarks, trade name and trade dress pending a judicial determination regarding the propriety of the termination of the Franchise Agreement." Defs.' Br. at 4. In support of this statement, Defendants quote a passage from the Notice of Default and Termination sent to them on May 17, 2010.

> Little Caesar further demands that you immediately take such action as are necessary to comply with your post-termination obligations as set forth in the Franchise Agreement, including but not limited to *ceasing to use any methods associated with Little Caesar; ceasing to use any or all of the proprietary marks and confidential information of Little Caesar*; returning all manuals to Little Caesar; paying all sums owing to Little Caesar, including its reasonable attorneys' fees and costs incurred as a result of your defaults; and complying with the other post-termination obligations as set forth in Paragraph 14 of the Franchise Agreement.
>
> Alternatively, if it should be determined as a matter of law that your defaults are curable, then Little Caesar hereby gives you thirty (30) days from the receipt of this Notice in which to do those acts which you contend constitute a "cure" of the defaults under the Franchise Agreement. If, as a matter of law, a longer cure period is required, then that period is applicable to this Notice.

> **You are advised that if you contest the claimed defaults and contend the termination is not justified, Little Caesar will not enforce the termination by itself. Instead, it will submit the matter to a court to determine which party is right, and will seek judicial enforcement of the termination**, *including but not limited to injunctive relief requiring you to cease using Little Caesar's proprietary marks* and to comply with your post-termination obligations, as well as damages, attorneys' fees, costs, and interest. **If it should be determined that there are no grounds for termination fo the Franchise, then Little Caesar will consider this Notice to be void.** Any and all amounts paid and to be paid by you while in possession of the premises and operating under its trademarks may by accepted by Little Caesar without waiver of its rights and claims, including the right to terminate the Franchise Agreement. . . .

Defs.' Ex. A (bold emphasis is Defendants'; italics are the court's). This quoted passage clearly does not give Defendants permission to continue using Plaintiffs' marks. Further, Defendants omitted a crucial sentence, coming directly after the quoted passage: "**Nothing in this letter constitutes acquiescence by Little Caesar in your continued use of the Little Caesar proprietary marks.**" Id. (emphasis added). In light of the entire quoted passage, Defendants' argument that they have "permission" to continue using Little Caesar's marks is unreasonable and frivolous. The plain language in the Notice of Termination shows Little Caesar's intent to revoke any such permission the franchisees once had.

It is the court's opinion that Defendants' motion to dismiss has no basis in fact or law and likely fails to pass muster under Rule 11. Accordingly, the court will issue an Order to Show Cause to Defendants' counsel pursuant to Rule 11(c)(3), before considering an appropriate sanction.

IT IS HEREBY ORDERED that Defendants' motion to dismiss is DENIED.

IT IS FURTHER ORDERED that Defendants' counsel shall SHOW CAUSE in writing,

within ten days of the date of this order, why they should not be sanctioned for violating Fed. R. Civ. P. 11(b) by filing their motion to dismiss.

s/John Corbett O'Meara<br>United States District Judge

Date: September 24, 2010

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, September 24, 2010, using the ECF system and/or ordinary mail.

s/William Barkholz<br>Case Manager